UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Macjhay Yagao,<br><br>                                    Petitioner,<br><br>v.<br><br>Fred Figueroa, Warden Otay Mesa<br>Detention Center, et al.,<br><br>                                    Respondents. | Case No.: 17-cv-2224-AJB-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DEYING IN PART PETITIONER'S REQUEST FOR A HEARING (Doc. No. 6); and**<br><br>**(2) ORDERING A BOND HEARING BE PROVIDED WITHIN 35 DAYS.** |

Before the Court Petitioner Macjhay Yagao's request for a hearing on his petition for writ of habeas corpus. (Doc. No. 6.) Petitioner alleges that he has been detained, at the time of the motion's filing, for over forty-two months without an end in sight and has gone over a year since a bond hearing before an Immigration Judge. (*Id.* at 1.) Petitioner argues that the "BIA's final decision denying him release on bond constituted legal and constitutional error." (*Id.*) Complicating matters is the fact that the Supreme Court overturned the Ninth Circuit's practice of requiring a bond hearing every six months. However, as elaborated on herein, due process still requires Petitioner be afforded a bond hearing, although the Court opts to decline to release Petitioner, without prejudice. Because it has been nearly two years without a bond hearing, the Court **GRANTS IN**

**PART AND DENIES IN PART** Petitioner's motion. (Doc. No. 6.) The Court **ORDERS** a bond hearing be provided within 35 days but **DENIES** releasing Petitioner.

## I.     LEGAL STANDARDS

A district court may grant a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Demore v. Kim*, 538 U.S. 510, 523 (2003).

## II.     BACKGROUND

Petitioner files this writ for habeas corpus under 28 U.S.C. § 2241 challenging the Board of Immigration Appeals' ("BIA") decision denying him bond. He raises four challenges. First, he argues the BIA erred in finding Petitioner's past criminal background supported denial of bond based on dangerousness. Second, Petitioner argues the decision to deny his bond was arbitrary when compared to bonds which were granted in cases more serious than his. Third, Petitioner argues that the BIA failed to follow Ninth Circuit precedent because they failed to change the due process analysis as the length of his detention grew. And finally, the BIA erred in finding his case was not subject to bond hearings every six months under Ninth Circuit precedence. Petitioner requests that the Court reverse the BIA's decision and release Petitioner on conditional parole.

## III.     DISCUSSION

In the current motion, Petitioner requests that he be released on bond, arguing the government failed to meet its legal burden for continued detention. (Doc. No. 6.) Petitioner also argues that his continued detention without a bail hearing violates due process. (*Id.*) Under now-overruled Ninth Circuit precedence, detainees were given a bond hearing every six months. *Rodriguez v. Robbins ("Rodriguez III")*, 804 F.3d 1060 (9th Cir. 2015), reversed by *Jennings v. Rodriguez*, 138 S. Ct. 830, 847, (2018) (holding that Section "1226(c) mandates detention of any alien falling within its scope and that detention may end prior to the conclusion of removal proceedings 'only if' the alien is released for witness-protection purposes."). The Supreme Court in *Jennings* overruled mandatory bond

hearings, stating the only mandated hearing is for witness-protection purposes. *Jennings*, 138 S. Ct. at 847. However, *Jennings* only held that aliens detained are not *statutorily* entitled to periodic bond hearings. *Jennings*, 138 S. Ct. at 845. "The Supreme Court did not, however, determine whether arriving aliens facing prolonged detention are entitled to a bond hearing as a matter of constitutional Due Process." *Lett v. Decker*, 346 F. Supp. 3d 379, 383 (S.D.N.Y. 2018).

On remand from *Jennings*, the Ninth Circuit expressed "grave doubt" that prolonged detention without a hearing would satisfy due process. *See Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("Arbitrary civil detention is not a feature of our American government."). And district courts in California have likewise found that due process requires a bond hearing after prolonged detention. *See Rodriguez v. Nielsen*, No. 18-cv-4187-TSH, 2019 U.S. Dist. LEXIS 4228, at *17–19 (N.D. Cal. Jan. 7, 2019) (hearing necessary after six months); *Gonzalez v. Bonnar*, No. 18-cv-5321-JSC, 2019 WL 330906, at *3–4 (N.D. Cal. Jan. 26, 2019) (13 months); *Meza v. Bonnar*, No. 18-cv-2708-BLF, 2018 WL 2554572, at *3 (N.D. Cal. June 4, 2018) (13 months). The Ninth Circuit has ordered briefing in *Rodriguez v. Jennings* to address the very concern Petitioner raises and district courts have addressed. The Court ordered that the briefs address:

> whether the Constitution requires that, in bond hearings for aliens detained for more than six months under §§ 1225(b), 1226(c), or 1226(a), the alien is entitled to release unless the government demonstrates by clear and convincing evidence that the alien is a flight risk or a danger to the community or rather whether the government's proof of flight risk or danger could be by only a preponderance of the evidence, whether the length of the alien's detention must be weighed in favor of release, and whether new bond hearings must be afforded automatically every six months.

*Rodriguez v. Jennings*, 887 F.3d 954, 956 (9th Cir. 2018).

The law post-*Jennings* regarding when and whether repeated bond hearings are required is quite unsettled. However, the Court agrees with the many district courts finding that prolonged detention without a bond hearing likely violates due process. *See cases, supra*. A recent district court decision in the Northern District of California discussed this

issue in detail, and the Court finds its analysis persuasive. *Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *2–7 (N.D. Cal. Jan. 25, 2019). In general, "[a]s detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing." *Muse v. Sessions*, No. 18-CV-0054 (PJS/LIB), 2018 WL 4466052, at *4 (D. Minn. Sept. 18, 2018) (collecting cases re: the same).

As of this order, Petitioner has been detained for roughly over four years. Further, Petitioner has gone nearly two years without a bond hearing, as his last hearing was April 25, 2017. Due to the uncertainty of this issue in the Ninth Circuit, the two Supreme Court cases on this subject, and the pending briefing in *Rodriguez*, the Court declines to order Petitioner's release at this time. However, the Court does find that the government's failure to give Petitioner another bond hearing likely violates his due process rights in accordance with the decisions of other district courts in this district and around the county, and accordingly **ORDERS** Petitioner be provided one.

The Respondent's opposition fails to persuade the Court otherwise. The Respondent's brief mischaracterizes Petitioner's nuanced arguments by framing it as Petitioner simply complaining he was not granted the automatic six-month review as previously required under *Rodriguez*. (Doc. No. 8 at 1.) Respondent notes Petitioner has not received another bond hearing because *Jennings* reversed that rule. (*Id.*) Respondent's fail to respond meaningfully to Petitioner's due process arguments and the plethora of district court rulings on this matter post-*Jennings*.[1]

Finally, the Supreme Court's recent decision in *Nielsen v. Preap*, No. 16-1363, slip op. at , --- U.S. --- (U.S. Mar. 19, 2019), does not sway the Court's analysis. In *Nielsen*, the issue before the Court surrounded interpretation of the phrase "when the alien is released" from custody found in 8 U.S.C. § 1226(c). That section states:

---

[1] While the Court notes briefing on this matter was done in May 2018, only months post-*Jennings*, the Respondents (and Petitioner for that matter) could have petitioned the Court to file supplemental briefing given the subsequent district court decisions between then and now.

The Attorney General shall take into custody any alien who--

> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentence1 to a term of imprisonment of at least 1 year, or
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title,

> when the alien is released, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

As the Supreme Court detailed, the Ninth Circuit had "held that this mandatory-detention requirement applies only if a covered alien is arrested by immigration officials as soon as he is released from jail." *Nielsen*, 2019 WL 1245517, at *3. "If the alien evades arrest for some short period of time—according to respondents, even 24 hours is too long—the mandatory-detention requirement is inapplicable, and the alien must have an opportunity to apply for release on bond or parole." *Id.* This distinction mattered because the Ninth Circuit was treating § 1226(a) detainees and § 1226(c) detainees as separate categories of detainees. Those arrested under § 1226(a) could be eligible for a bond hearing, since the release provision is only found in § 1226(a)(2), and those arrested under § 1226(c) face mandatory detention. *See Nielsen*, 2019 WL 1245517, at *9 (explaining the Ninth Circuit's reasoning). Essentially, the Ninth Circuit believed unless an arrest was effectuated immediately upon release from prior criminal detention, the detainee would be arrested under § 1226(a), and could enjoy the option to be released on bond. *Id.*

The Supreme Court ultimately rejected that stance and reversed the judgments below. *Id.* Helpful to our analysis is Justice Kavanaugh's concurrence, which notes the "narrowness of the issue before us. . . ." *Id.* at *14 (Kavanaugh, J., concurring). He states that the narrow issue before the Court is "whether, under § 1226, the Executive Branch's mandatory duty to detain a particular noncitizen when the noncitizen is released from

5

criminal custody remains mandatory if the Executive Branch fails to *immediately* detain the noncitizen when the noncitizen is released from criminal custody." (*Id.* (emphasis in original).) The Court concluded that "when . . . released" applies "when there is a release" and rejected the Ninth Circuit's reliance on immediacy. *Id.* at *13.

The Supreme's Court analysis in *Nielsen* does not affect Petitioner's arguments or this Court's findings. The Supreme Court explained that mandatory detention under § 1226(c) arose from a concern "that deportable criminal aliens who are not detained continue to engage in crime and fail to appear for their removal hearings in large numbers. To address this problem, Congress mandated that aliens who were thought to pose a heightened risk be arrested and detained without a chance to apply for release on bond or parole." *Id.* at *4 (internal citations omitted). It makes sense, then, why subsection (c) does not permit bond hearings. However, Petitioner's argument does not challenge prolonged detention without a hearing under the statutory framework and § 1226(c). Rather, Petitioner asserts that prolonged detention without a hearing triggers constitutional issues and violates due process. *Nielsen* does not address this.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Petitioner's motion for a hearing on his petition. (Doc. No. 6.) The Court **DENIES** ordering Petitioner's immediate removal from immigration detention. However, the Court **GRANTS** a bond hearing for Petitioner. Within 35 days of the date of this order, Petitioner must be provided with a bond hearing before an immigration judge. At that hearing, the government must establish by clear and convincing evidence that Petitioner is a flight risk or a danger to the community in order to continue his detention pending his appeal before the Ninth Circuit.

**IT IS SO ORDERED.**

Dated: March 29, 2019

Hon. Anthony J. Battaglia
United States District Judge